

FILED & ENTERED

APR 22 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY toliver     DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

In re:

Barry Adam Singer,

                                    Debtor.

Case No.: 2:13-bk-20975-TD

CHAPTER 7

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY**

Date:        March 6, 2014
Time:        10:00 AM
Courtroom: 1345

This motion was heard on March 6, 2014, on timely notice to the United States Trustee and chapter 7 trustees Wesley Avery and Jason Rund.  Appearances were made as set forth on the record.  A handwritten and signed agreement entitled Settlement Agreement Terms was signed on November 22, 2013 (hereafter, November 22 Agreement).  Barry Adam Singer, Debtor, Defendant, and Movant, now seeks an order approving compromise of a controversy between the parties as outlined in the November 22 Agreement.

Telfair Corporation, Respondent and Plaintiff in its adversary against Singer, challenges the November 22 Agreement as incomplete, ambiguous and unenforceable. Telfair introduced supplementary evidence of drafts of a further agreement to implement, among other things, provisions relating to Telfair's asserted rights to additional penalties upon Singer's default under the November 22 Agreement, based upon Telfair's pending adversary filed against Singer in this bankruptcy case.  Singer also introduced supplementary evidence.

The court considered the parties' supplemental evidence and took Singer's

motion under advisement, subject to additional case law offered to support each party's

position in the pending motion.  The court has read and considered each party's

additional case law.

The court hereby grants the Singer motion.  The court finds that the November

22 Agreement is an integrated agreement.  There are no material ambiguities.  The

agreement is complete and enforceable as is.

Although handwritten, the record of the March 6 hearing shows that there is no

disagreement between the parties either as to the words of the agreement or as to the

identity and authority of the signatories to the agreement.  The court has typed the

words of the agreement as affirmed by the parties at the hearing, as follows:

Telfair v. Singer
2:13-ap-01702-TD

11/22/2013 Settlement Agreement Terms

(1)  $350^{00}$ x 42 months
(2)  $5,000^{00}$ to be paid when order final from JAJ.
(3)  Ryan to prepare Mtn to Approve Settlement
(4)  Stipulation to be prepared by Kashfian
(5)  Settlement amount is 29,400.  If the Debtor makes the payments
     pursuant to Settlement Agreement totaling the amount of $14,700^{00}$
     then the obligation is fully satisfied, and no further payments are
     required to be made.
(6)  Settlement includes the corporation, the Debtor, Telfair.
(7)  Grace Period 6 days
(8)  Mail to Kashfian + Kashfian.
(9)  Default to be entered on Declaration and submission of Judgment.
(10) Settlement Amount can be prepaid at any time w/o penalty
(11) Payment date to be determined for each month

The Parties signing below agree to the above terms of settlement.

11/22/2013               </s/ Brett B. Curlee>, attorney for Barry Singer

11/22/13      </s/ Barry Singer>

              </s/ Nader Kashfian>
              TELFAIR CORP.

                       </s/ Ryan Kashfian>, attorney for Telfair

1   Unequivocally, the November 22 Agreement specifies that the litigated dispute is

2   settled.  The November 22 Agreement establishes a settlement amount of $29,400 to

3   be "satisfied" by [$]350 x 42 months and a [$]5,000 payment "when order final from JAJ"

4   with "no further payments being required."  "Default" is "to be entered on Declaration

5   and submission of Judgment."

6   "JAJ" refers to a California corporation, lessee under a commercial real property

7   lease dated June 26, 2012, guaranteed by Singer, as established by the evidence

8   received and considered by the court.

9   In this private two-party dispute arising in an adversary proceeding in chapter 7,

10   notice to any other party was and is unnecessary.  No trustee has filed opposition to the

11   settlement or appeared at the hearing.

12   The monthly installment payments date is a minor matter and may be supplied

13   unilaterally by notice from Telfair or by California common or statutory law.

14   No other motion or stipulation is necessary to validate or explain the November

15   22 Agreement.

16   No other term necessary to the November 22 Agreement is referenced.  The

17   November 22 Agreement is compete and not subject to valid dispute.

18   Telfair asserted otherwise.  Telfair asserted that a penalty clause upon default

19   was contemplated and is necessary to a fair resolution of the dispute that led to the

20   adversary proceeding between the parties.  The court disagrees with Telfair's position.

21   No default penalty other than as expressed in the November 22 Agreement was

22   reserved within the meaning of <u>Roth v. Marquez</u>, 942 F.2d 617 (9th Cir. 1991).  Although

23   the court considered Telfair's evidence on this point, the court concludes that Telfair's

24   assertions are not consistent with the terms of the November 22 Agreement.  The

25   November 22 Agreement is not reasonably susceptible to the meaning asserted by

26   Telfair.  The obvious, exclusive "default" penalty of the November 22 Agreement is a

27   penalty of $14,700 over and above the $5,000 JAJ payment and the 42 installment

28   payments of $350 payable monthly under the agreement.  Nothing in <u>Weddington Prod.,</u>

1  <u>Inc. v Flick</u>, 71 Cal.Rptr.2d 265 (2d Dist. 1998), cited by Telfair, requires a different

2  result.

3          Telfair was required to prepare a motion for approval of the agreement and a

4  stipulation.  Telfair, or its attorneys, failed to do so.  Their failure may be a breach of the

5  November 22 Agreement, but, from a bankruptcy standpoint, does not invalidate the

6  otherwise complete, integrated November 22 Agreement and the court so finds, based

7  on the evidence.

8          SO ORDERED.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24     Date: April 22, 2014

Thomas B. Donovan
United States Bankruptcy Judge

25

26

27

28